UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 2:19-cr-194-DBH-01 |
| | ) | |
| MUKONKOLE HUGE KIFWA, | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO DISMISS**

Count Two of the Indictment (ECF No. 1) charges that the defendant conspired to commit "access device fraud" (in ordinary English, debit or credit card fraud). The defendant has moved to dismiss Count Two. He argues that it fails to assert an essential element of the offense.

The governing statute is 18 U.S.C. § 1029(b)(2). It applies to "[w]hoever is a party to a conspiracy of two or more persons to commit an offense under subsection (a) of this section." Subsection (a) makes criminal a number of fraudulent uses of debit or credit cards "if the offense affects interstate or foreign commerce." 18 U.S.C. § 1029(a). The defendant correctly asserts that nowhere does Count Two of this Indictment claim that what he allegedly did "affects interstate or foreign commerce."

The cases do say that for a charge of a *substantive* violation of section 1029(a), the jurisdictional element—"affects interstate or foreign commerce"—

must be alleged.  E.g., United States v. Spinner, 180 F.3d 514, 515 (3d Cir. 1999).  Count Two of this Indictment does not do that.

But the government correctly points out that the requirements for a *conspiracy* charge (Count Two here) are somewhat different.

According to the Supreme Court:

> It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment of committing the substantive offense.

Wong Tai v. United States, 273 U.S. 77, 81 (1927).  Instead, "[i]n charging such a conspiracy 'certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is' necessary." Id. (quoting Williamson v. United States, 207 U.S. 425, 447 (1908)); accord United States v. Yefsky, 994 F.2d 885, 890, 893 (1st Cir. 1993) ("[T]he evidence must prove each element of a conspiracy beyond a reasonable doubt.  These elements are the existence of a conspiracy, the defendant's knowledge of it, and his voluntary participation in it. . . .  An indictment for conspiracy, however, need not allege the predicate offense with the same precision as the substantive count."); United States v. Fruehauf Corp., 577 F.2d 1038, 1071 (6th Cir. 1978) ("The indictment in the present case identified the object offenses, referring appellants to the specific statutory sections involved, and for the purpose of an indictment charging a conspiracy offense, that was sufficient.").

Count Two of this Indictment satisfies Wong Tai's requirement. It explicitly describes the agreement and the offense that the defendant conspired to commit. In short, "the allegations of the indictment, both in respect to the conspiracy and the overt acts, sufficiently advised the defendant of the nature and cause of the accusation, and with the requisite particularity." Wong Tai, 272 U.S. at 82.

Moreover, although the Indictment nowhere explicitly states that the underlying offense "affects interstate or foreign commerce," I note that virtually every paragraph of Count Two alleges the involvement of foreign commerce. Indictment ¶¶ 6(a), (b), (c), (d), (e), (f), (g), (i), (j) (ECF No. 1). There is no defect in notice.

Accordingly, the defendant's motion to dismiss Count Two of the Indictment is **DENIED**.

**SO ORDERED.**

**DATED THIS 26TH DAY OF MARCH, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**