UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 2:19-cr-194-DBH-01 |
| | ) | |
| MUKONKOLE HUGE KIFWA, | ) | |
| Defendant | ) | |

**PROCEDURAL ORDER**

The plaintiff has requested an evidentiary hearing on his motion to dismiss his indictment for violation of the Speedy Trial Act (ECF No. 92). This court, the state, and the country are currently avoiding in-person hearings in light of the COVID-19 pandemic and instructions from the federal courts' Administrative Office, the President, and the Governor. See D. Me. General Orders 2020-2 (March 18, 2020) & 2020-4 (March 31, 2020).

I therefore **Order** the parties to advise the Court by April 7, 2020, whether the caselaw establishes that the Court may resolve this motion in whole or in part based upon the Court's docket entries and any affidavits filed by the parties on factual issues that the docket entries do not resolve; and if not, whether the parties nevertheless stipulate that the Court may decide the case on a "paper" record (*i.e.*, without live testimony) so as to avoid undue delay in resolving the motion that the pandemic may cause if we must await an in-person hearing. After reviewing the statute and the cases, I suggest that counsel consider the

hearing issue in two stages: whether an evidentiary hearing is necessary to determine whether a Speedy Trial Act violation occurred; and, if the Court determines that a violation did occur, whether an evidentiary hearing is necessary to determine the appropriate remedy (dismissal with prejudice or dismissal without prejudice).

**SO ORDERED.**

**DATED THIS 31ST DAY OF MARCH, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**