UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | )    Crim. No. 2:19-cr-194-DBH-01 <br> ) |
| MUKONKOLE HUGE KIFWA, | ) <br> ) |
| Defendant | ) |

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS HIS INDICTMENT FOR VIOLATION OF THE SPEEDY TRIAL ACT AND OTHER PROVISIONS

This case concerns primarily the Speedy Trial Act's requirement that a defendant be indicted within 30 days of his arrest. Mukonkole Huge Kifwa has filed a motion to dismiss the case for violation of that Speedy Trial Act provision, as well as the Constitution and Criminal Rule 48(b) (ECF No. 92). He also requests an evidentiary hearing. For the reasons described below, I conclude that I need no hearing to determine that the government did not violate the Constitution or Fed. R. Crim. P. 48(b) but that it did violate the Speedy Trial Act and what remedy is appropriate. Kifwa's motion to dismiss for violation of the Speedy Trial Act is **Granted**, but it is granted without prejudice for reasons I will explain.[1]

---

[1] Because in an earlier motion Kifwa and/or his lawyer expressed concern whether I had read documents Kifwa had written and that his lawyer attached to his motion (I had read and considered them), I confirm that I have read and considered all such documents here, including Kifwa's pro se motion for speedy trial relief.

## FACTS

On November 20, 2018, the complaint in this case was filed against Kifwa and a codefendant, and arrest warrants issued. Compl. (ECF No. 1); Arrest Warrant (ECF Nos. 4, 7). That was also the date for Kifwa's completion of his prison time in a federal prison in Pennsylvania on a 2016 sentence I imposed after a jury earlier convicted him of visa fraud and possession of a weapon by a non-immigrant alien. Judgment, No. 2:15-cr-177-DBH (D. Me. June 15, 2016) (ECF No. 118). In that 2016 sentence, I ordered that "[u]pon completing his prison term, Defendant is to be surrendered to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement for deportation." Id. at 3. That is what happened. According to the Pretrial Services Report for this case, prepared on December 12, 2018, Kifwa was then "incarcerated in York County Prison on an Immigration and Customs Enforcement detainer." PSR at 1 (ECF No. 22). Federal officers arrested his codefendant on the charges in this case on November 27, 2018 (ECF Nos. 12, 19), and arrested Kifwa on December 13, 2018 (ECF No. 29). Kifwa was transported to Maine and had his initial appearance in Maine on January 15, 2019 (ECF No. 24). The Magistrate Judge appointed counsel for him, and Kifwa has been detained since then. See Order of Detention Pending Trial (ECF No. 28).

The codefendant and the government filed four joint motions under the so-called "ends of justice" exclusion to exclude time under the Speedy Trial Act (ECF Nos. 33, 35, 41 & 44) and delay indictment. The Magistrate Judge granted each motion and entered a corresponding Speedy Trial Order. Speedy Trial Order of

2

March 4, 2019 (ECF No. 34) (excluding time from November 27, 2018, through March 29, 2019); Speedy Trial Order of April 2, 2019 (ECF No. 36) (March 29 through May 24, 2019); Speedy Trial Order of May 31, 2019 (ECF No. 42) (May 24 through July 26, 2019); Speedy Trial Order of July 29, 2019 (ECF No. 45) (July 26 through September 26, 2019). Cumulatively, they excluded the period from November 27, 2018 (the date of the codefendant's arrest), through September 26, 2019. In each of the four orders, the Magistrate Judge found that the ends of justice served by excluding the time from the speedy trial clock outweighed the best interests of the public and of the codefendant in a speedy trial. E.g., Speedy Trial Order of March 4, 2019, at 1 (ECF No. 34). He also found "that such an enlargement of time is reasonable as to all of the parties" and gave Kifwa five days to object. E.g., id. at 2. No objections were entered for Kifwa.

Kifwa and his codefendant were indicted on October 11, 2019 (ECF No. 56), *i.e.*, within the Speedy Trial Act's 30-day limit if the exclusions were effective.

On July 22, 2019—after the first three motions to exclude time but before the fourth—the Clerk's Office received from Kifwa two *pro se* motions to dismiss. One was a motion to dismiss for a Speedy Trial Act violation, the other a motion to dismiss for failure to state a criminal offense. Letter from Clerk to counsel (ECF No. 43); see Def.'s Reply Ex. 1 (ECF No. 115-1) (public copy of *pro se* motion). Because Kifwa was then represented by counsel, the Clerk forwarded the motions to his attorney and did not publicly enter them on the docket. Id.

Kifwa was represented by counsel throughout the period from January 15, 2019, when he made his initial appearance and his counsel was appointed, through his arraignment on the Indictment on October 21, 2019. However, his attorney filed a motion to withdraw on September 3, 2019, citing a breakdown in the attorney-client relationship. Mot. to Withdraw (ECF No. 47). The Court denied the motion after a hearing (ECF No. 52). A month later, the attorney filed a second motion to withdraw (ECF No. 54). The Court granted that motion on October 21, the day Kifwa was arraigned (ECF No. 61), and appointed new (and current) counsel on October 25.

## ANALYSIS

### *Speedy Trial Act*

The Speedy Trial Act requires that a defendant be indicted no more than 30 days after he is arrested,[2] subject to certain circumstances that allow a court to exclude time from that 30-day clock (for example, delay for transportation from another District, as in Kifwa's case, 18 U.S.C. § 3161(h)(1)(F)).

Kifwa makes several arguments to support his assertion that the government failed to meet the 30-day limit: (1) that the clock started running when ICE detained him on November 20, 2018 (before his arrest on the charges in this case on December 13, 2018), because the ICE detention was a ruse to extend the government's time to indict him, Def.'s Mot. to Dismiss at 6-7 & n.9 (ECF No. 92); (2) that he did not agree to any of the extensions that his

---

[2] "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3161(b).

codefendant and the government obtained, Def.'s Reply at 2-3 (ECF No. 115); (3) that a Speedy Trial Act provision allowing an extension for one codefendant to apply to the other codefendant applies only in calculating the 70-day period of time to trial, not the 30-day limit of time to indictment, Def.'s Reply to Gov't's Opp'n at 1-2 (ECF No. 182); and (4) that retroactive extensions are impermissible under the Speedy Trial Act, Def.'s Resp. to Proc. Order at 5-7 (ECF No. 170).

### *When the Speedy Trial Act Clock Started Running*

Kifwa's codefendant was arrested on November 27, 2018. Regardless of whether Kifwa's time in ICE detention should be counted, the Speedy Trial Act clock does not start to run until the arrest of the last defendant. See United States v. Casas, 425 F.3d 23, 31 (1st Cir. 2005) (citing Henderson v. United States, 476 U.S. 321, 323 n.2 (1986)). So even if I treat Kifwa as having been arrested on November 20, when ICE took custody, the clock would not start to run until the later date of November 27, 2018. If the exclusions approved by the four Speedy Trial Orders as to the codefendant were valid as to Kifwa as well, the Indictment on October 11, 2019, was timely.

### *Effect of Codefendant's Motions to Exclude Time*

Kifwa claims that none of the Speedy Trial orders should apply to him. All four of the motions to exclude time were joint motions between only Kifwa's codefendant and the government. Kifwa did not expressly agree to any of them. But the law does not require that he register his agreement. The Speedy Trial Act allows for exclusions of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and

no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The First Circuit has held repeatedly that "[t]his provision 'stops the [Speedy Trial] clock for one defendant in the same manner and for the same amount of time as for all co-defendants.'" United States v. Maryea, 704 F.3d 55, 64 (1st Cir. 2013) (quoting United States v. Rush, 738 F.2d 497, 504 (1st Cir. 1984)). It has also made clear that "cases involving multiple defendants are governed by a single speedy trial clock." United States v. Barnes, 251 F.3d 251, 259 (1st Cir. 2001); see also Casas, 425 F.3d at 31 ("[A]ny defendant's motion resulting in excludable time toll[s] the [Speedy Trial] clock for his codefendants." (quoting United States v. Santiago–Becerril, 130 F.3d 11, 19 (1st Cir. 1997))).

Although the First Circuit has "assume[d] without deciding . . . that a reasonableness requirement applies" to the question whether one codefendant's excluded time should also be excluded from another's clock, the exclusion is likely to be reasonable so long as the defendant has not moved to sever. Maryea, 704 F.3d at 66. In Maryea, the defendant argued that it was not reasonable to apply her codefendant's motion for continuance to her, because the continuance gave the codefendant more time to reach a plea deal, which undermined Maryea's defense strategy. Noting that some circuits actually "requir[e] a defendant to file a motion for severance in order to challenge the reasonableness of the delay on appeal," the First Circuit said that Maryea's "failure to move to sever [was] an important consideration" in its ultimate holding that it was reasonable to exclude from Maryea's clock the codefendant's agreed continuance. Id. at 67, 69. Here, Kifwa did not move to sever his case from his codefendant, and I see no reason

6

why I should depart from the usual rule that "cases involving multiple defendants are governed by a single speedy trial clock." 251 F.3d at 259.

Moreover, each Speedy Trial Order in this case made clear that it would apply to Kifwa unless he objected within five days of the order. See, e.g., Speedy Trial Order of March 4, 2019, at 2 (ECF No. 34) ("The court further finds that such an enlargement of time is reasonable as to all of the parties . . . . Any co-defendant objecting to the new deadline(s) set forth in this Order shall file a specific objection within 5 business days of the entry of this Order."). Kifwa never filed an objection to any of the orders. He now claims that his prior lawyer did not have authority to consent to the extensions and that his pro se motion filed in July 2019 put everyone on notice that he did not consent. This is not the time or place to deal with issues that Kifwa may have had with his prior lawyer,[3] and he has presented no evidence that his July pro se motion went to the prosecutor.[4] As the Court docket reflects, the Court sent it only to Kifwa's then lawyer (ECF No. 43).

And finally on this issue, this District and the First Circuit have concluded that the section 3161(h) exclusions apply not just to the 70-day limit of time to trial, but also to the 30-day limit of time to indictment. United States v. Spring,

---

[3] See his complaints at Hearing Tr. at 9-10 (ECF No. 94).
[4] As I said earlier, Kifwa sent the Court two pro se motions. The motion asserting failure to state a criminal offense did have a "certificate of service" that said Kifwa sent copies to the U.S. Attorney's Office for the District of Maine via "correctional authorities." (ECF No. 43-2). (Kifwa was housed at Strafford County Jail in New Hampshire). The prosecutor says she never received the motions, Gov't's Obj. at 2 n.1 (ECF No. 178), and Kifwa has not submitted any affidavit in the current motion practice that he actually sent either motion directly to the prosecutor. Instead, his recent affidavit says he mailed his motion to the Court. Def.'s Aff. at 2 (ECF No. 171-1).

7

810 F. Supp. 2d 331, 339 (D. Me. 2011) (Woodcock, J.); United States v. Spagnuolo, 469 F.3d 39, 45 (1st Cir. 2006).

Therefore, unless there is some invalidity in the exclusions, Kifwa's Speedy Trial Act clock was stopped.

### *Retroactive Exclusion*

But the first joint motion in this case asked the Court to exclude the time between November 27, 2018, and March 29, 2019 (ECF No. 33). That motion, filed on February 28, 2019, states in its text: "in the absence of a speedy trial exclusion, the United States would have been required to present this case for indictment in December 2018." Id. (30 days from the codefendant's arrest November 27). In other words, the 30-day limit had already run by just over 90 days when the first motion was filed. The Magistrate Judge nevertheless granted the joint motion, entering the Speedy Trial Order the parties had proposed (ECF No. 34). A later joint motion also sought and obtained 5 days' retroactive relief (ECF Nos. 41, 42) (motion filed May 29, 2019, seeking and obtaining exclusion starting May 24, 2019).

The Speedy Trial Act allows an exclusion of time for:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such

> continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7).

The Second, Third, Fourth, Seventh, and Tenth Circuits all state clearly that this "ends of justice" exclusion can operate only prospectively. See United States v. Tunnessen, 763 F.2d 74, 77 (2d Cir. 1985) ("Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period."); United States v. Brooks, 697 F.2d 517, 522 (3d Cir. 1982) (judge cannot "grant an 'ends of justice' continuance *nunc pro tunc*, providing after the fact justification for unauthorized delays"); United States v. Carey, 746 F.2d 228, 230 (4th Cir. 1984) ("Recent cases uniformly hold that nunc pro tunc or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act."); United States v. Janik, 723 F.2d 537, 544-45 (7th Cir. 1983) ("the Act does not provide for retroactive continuances"); United States v. Williams, 511 F.3d 1044, 1055-56 (10th Cir. 2007) ("[T]he [Speedy Trial] Act does not allow a district court to retroactively grant an ends-of-justice continuance.").[5] The First

---

[5] Each of these circuit decisions concerned the Act's 70-day limit of time to trial rather than the 30-day limit of time to indictment. The government does not argue that the rationale is exclusive to the 70-day limit, however, and I see no reason to distinguish the two limits. Subsection (7) clearly applies to the 30-day limit and contains language suggesting prospective application there as well, instructing the judge to consider "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to *expect* return and filing of the indictment within the period specified in section 3161(b)." 18 U.S.C. § 3161(h)(7)(B)(iii) (emphasis added).

Circuit has recognized this line of authority, United States v. Rush, 738 F.2d 497, 507 (1st Cir. 1984), but has avoided deciding the issue.

This District's Speedy Trial Plan also seems to contemplate prospective application: "In the event that the United States Attorney *anticipates* that an indictment or information will not be filed within the time limit set forth in Section 3 of this Plan, the United States Attorney may file a written motion under 18 U.S.C. § 3161(h)." United States District Court for the District of Maine § 4(a) (emphasis added).

In the briefing on the motion to dismiss, Kifwa challenged the retroactive exclusion from the outset, see Def.'s Mot. to Dismiss at 2, 8 (ECF No. 92), although he provided caselaw only later (ECF No. 170). Despite multiple filings, the United States Attorney's Office has chosen not to address the retroactivity issue except to recognize in a footnote that Kifwa has cited cases "in support of a challenge to the Court's retroactive exclusion of time between November 27, 2018 and March 4, 2019 (the date of the Court's order—see ECF No. 34)." Gov't's Suppl. Resp. at 2 n.2 (ECF No. 180-1). Instead, the government relies on Kifwa's failure to object to the Orders when they were entered.[6] Id. at 2.

I have found no Circuit cases supporting retroactive application of the exclusion, only cases supporting Kifwa's position. In the absence of contrary

---

[6] A defendant does not waive Speedy Trial Act rights by failing to object when an improper continuance is granted. As the Supreme Court explained in Zedner v. United States, because the Act was designed not only to protect the defendant's right to a speedy trial but also to serve the public interest, a defendant may not "opt out of the Act entirely." 547 U.S. 489, 500-01 (2006). Further, the fact that subsection 3161(h)(7) sets forth specific criteria prevents a defendant from "simply waiv[ing] the application of the Act whenever he or she want[s] more time." Id. at 500.

10

argument or authority, I follow the other Circuits' rulings and conclude that retroactive exclusions are impermissible.[7]

As a result, without the retroactive exclusions, the government failed to indict Kifwa within the 30-day limit and his motion to dismiss must be granted. See Zedner v. United States, 547 U.S. 489, 506-07 (2006).

### *Nature of Speedy Trial Act Dismissal*

The Speedy Trial Act provides for dismissal either with or without prejudice to the government's ability to re-indict:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a). To those three listed factors the First Circuit has added prejudice to the defendant, United States v. Worthy, 772 F.3d 42, 46 (1st Cir. 2014), and the length of the delay, United States v. Hastings, 847 F.2d 920, 924 (1st Cir. 1988). But it has made clear that "[i]n considering the question, [the judge] must start from a level playing field; there is no presumption either way." Id. The Supreme Court says that "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." United States v. Taylor, 487 U.S. 326, 334 (1988).

As I said in United States v. Worthy, 755 F. Supp. 2d 226, 234 (D. Me. 2010), the circuits are divided on whether an evidentiary hearing is necessary to

---

[7] I express no opinion on whether the codefendant, given her express involvement in the Speedy Trial Act motions, can make a similar argument.

determine whether the dismissal should be with or without prejudice. That division continues, and the First Circuit has not taken a position. I will consider each of the requisite dismissal factors separately and, in doing so, assess whether an evidentiary hearing is necessary or advisable.

*Seriousness of the Offense*

I can determine the seriousness of the offense by examining the indictment. No evidentiary hearing would be helpful. The grand jury charged Kifwa with conspiracy to commit mail fraud that affected a financial institution and conspiracy to commit access device (credit card) fraud using FedEx, international shipments of cards, international money transfers, stolen and altered credit cards from the United Kingdom, and unauthorized access to bank accounts in the United Kingdom involving over $120,000. (ECF No. 56.) The maximum statutory penalty for mail fraud is 30 years in prison; for access device fraud, 5 years in prison. These are very serious charges.

*Facts and Circumstances that Led to Dismissal*

Kifwa charges government misconduct based on the initial ICE detainer lodged against him, saying that "detention at the conclusion of his first sentence was simply a maneuver to delay the running of the thirty day period to indict." Def.'s Mot. to Dismiss at 7 n.9 (ECF No. 92). He says he "is requesting an evidentiary hearing to determine, *inter alia*, if his initial detention on an alleged immigration hold was valid," id.,[8] and "to determine if he was, in fact, ever

---

[8] He calls it a "suspect immigration hold," Def.'s Mot. to Dismiss at 1, 2 n.2 (ECF No. 92), despite my earlier Judgment and Commitment ordering that he be turned over to ICE at the end of his federal prison time. He argues (without authority) that the hold should have ended 7 days after

detained on an immigration hold as claimed by the Government and if so, for how long," Def.'s Reply at 4 (ECF No. 115).[9]  But even if the hearing Kifwa requests were to show collaboration between the prosecutor and ICE, it would not affect my Speedy Trial Act analysis.  The running of the clock would certainly be delayed at least until the codefendant's arrest on November 27.  See Casas, 425 F.3d at 31.  If the government obtained some small advantage from the ongoing ICE detainer (the November 27 to December 13 period), it would not justify a dismissal with prejudice.  Instead, the major error that led to my finding a speedy trial violation is the government's reliance on the 95+ day retroactive exclusion requested in joint motions with Kifwa's codefendant on February 28 and May 29, 2019.  (ECF Nos. 33, 41).  An evidentiary hearing has nothing to offer on that.  The government and codefendant may have neglected to file their motions soon enough, but there is no reason to attribute bad faith[10] in their joint

---

his initial detention unless he appeared before an Immigration Court.  Def.'s Reply at 2 (ECF No. 115).  He also says "that the Assistant United States Attorney who was prosecuting the instant charges and had prosecuted him on his prior charges must surely have known his release date was imminent and that the Complaint and warrant on the same day of his release was not a coincidence."  Def.'s Mot. to Dismiss at 7 (ECF No. 92).  He has requested "information on what communications, if any, the U.S. Attorney had with immigration officials to trigger any hold on the defendant."  Def.'s Reply at 2 n.1 (ECF No. 115).  I see nothing improper in the AUSA's timing of the complaint and warrant to coincide with the end of his prison time.  My earlier Judgment and Commitment had contemplated that he would be deported by ICE.  Indeed, there was discussion of that specific topic at the sentencing hearing, and for that reason I did not impose a period of supervised release.  See Judgment, No. 2:15-cr-177-DBH (D. Me. June 15, 2016) (ECF No. 118); Sentencing Tr. at 36, 43-45, 72-74, No. 2:15-cr-177-DBH (D. Me. June 13, 2016) (ECF No. 141).

[9] Or, as stated elsewhere, "the circumstances surrounding his detention by INS at the suggestion of case agents after consultation with the Government, the delay in INS processing, the delay in scheduling an initial appearance on the insta[n]t charges, the delay in transporting the defendant to the district of Maine, and the application of the speedy indictment clock to all subsequent extensions."  Def.'s Reply to Gov't's Opp'n at 2 n.1 (ECF No. 182).

[10] Indeed, there are sealed documents that suggest the opposite.  See, e.g., (ECF No. 40) (May 10, 2019) (sealed).

desire to resolve, without indictment, this international conspiracy involving at least one other unindicted coconspirator.[11]

*Impact of a Re-prosecution on Administration of the Speedy Trial Act and the Administration of Justice*

Dismissal and re-indictment do not result in a re-prosecution in the conventional sense, because Kifwa has not been convicted. There will be only one conviction or acquittal, not two. Dismissing the case without prejudice is sufficient to ensure appropriate administration of the Speedy Trial Act on this retroactivity issue in the future and to protect the administration of justice. As the First Circuit has said:

> There is little doubt that the harsh remedy of dismissal with prejudice has greater deterrence value than its counterpart. But considerations of general deterrence are not dispositive or else dismissal with prejudice would impermissibly become the preferred tool. Moreover, the fact that a retrial [in Kifwa's case, re-indictment] might be necessary at all is often deterrence enough.

United States v. Barnes, 159 F.3d 4, 17-18 (1st Cir. 1998) (citation omitted). Dismissal with prejudice is "a last and rare resort." United States v. Dessesaure, 556 F.3d 83, 85 (1st Cir. 2009).

*Length of the Delay*

The impermissible delays here are the two retroactive exclusions that amount to 95+ days. That delay is significant to the defendant being detained, but it is not monumental.

---

[11] The unindicted coconspirator was separately charged and convicted. See Judgment, United States v. Howard, No. 2:18-cr-00134-DBH (D. Me. Dec. 20, 2018) (ECF No. 81).

14

*Prejudice to the Defendant*

Kifwa "asserts that he has been severely prejudiced because he has languished in jail for more than ten months without the benefit of an Indictment, without the benefit of discovery requirements triggered after the Indictment, and without the benefit of a speedy trial whose timing is triggered by the filing or his initial appearance on the Indictment." Def.'s Mot. to Dismiss at 9-10 (ECF No. 92). As I said above, the relevant delay is the 95+ days, not ten months.[12] He says "[h]e has suffered the prejudice based upon pretrial incarceration, anxiety and concerns, and impairment to his defense." Def.'s Resp. to Proc. Order at 16 (ECF No. 170). He also says that "[p]articularly, after his arrest, [he] did not have access to the evidence in his case for eleven months because discovery was not provided until after his long-delayed indictment which abridged his statutory rights under the Speedy [T]rial Act. He has also, obviously, been deprived potential access to Jencks material." Id. He seeks an evidentiary hearing "so all of the facts and circumstances which ha[ve] led to this long delay can be determined by the Court," Def.'s Mot. to Dismiss at 10 (ECF No. 92), "to determine the circumstances surrounding the interactions of investigating agents and immigration officials after his release from prison on November 20, 2018 and the circumstances surrounding the 'ends of justice' continuances granted by the court," Def.'s Resp. to Proc. Order at 16 (ECF No. 170).

---

[12] He also argues that one year's delay is "presumptively prejudicial," citing United States v. Irizarry-Colón, 848 F.3d 61, 68 (1st Cir. 2017). Def.'s Resp. to Proc. Order at 16 (ECF No. 170). That case was analyzing time to trial under the Sixth Amendment, not at stake in Kifwa's case. Moreover, the presumption is rebuttable.

15

Being held in jail is certainly prejudicial. The other things Kifwa asserts, like discovery requirements, become available after indictment, and Kifwa has not shown how the 95+ day delay prejudiced him.[13] He has not, for example, shown that witnesses died or left the country, or documents were destroyed or memories materially affected. See Worthy, 772 F.3d at 47. Even after indictment, Kifwa did not secure release, and there is no reason to think he would have been released if he had been indicted earlier. I do not minimize his incarceration, and if he is ultimately acquitted that time would certainly be distressing. But as I said in Worthy, where a defendant was locked up for almost two years without being convicted, such a delay does not support letting him "escape confronting [the] serious charges against him." United States v. Worthy, No. 2:10-CR-136-DBH-03, 2012 WL 3137235, at *9 (D. Me. Aug. 1, 2012), aff'd, 772 F.3d 42, 49 (1st Cir. 2014).

In sum, the prejudice is not significant.

Applying the relevant factors, I find they all favor dismissal without prejudice under the Speedy Trial Act.

***Constitutional Requirements***

The Sixth Amendment to the Constitution provides that "the accused shall enjoy the right to a speedy and public trial." Unlike the Speedy Trial Act, it contains no limitation on the time from arrest to indictment, and the cases are clear that "[p]re-indictment delay does not implicate the Sixth Amendment's

---

[13] He refers to Jencks Act material but that is mandated only at trial. See 18 U.S.C. § 3500.

16

Speedy Trial provision." United States v. DeCologero, 530 F.3d 36, 78 (1st Cir. 2008) (citing United States v. Lovasco, 431 U.S. 783, 789 (1977)).

However, "excessive pre-indictment delay can sometimes, albeit rarely, violate the Fifth Amendment's Due Process Clause." United States v. Irizarry-Colón, 848 F.3d 61, 70 (1st Cir. 2017). But the Due Process Clause "has a limited role to play in protecting against oppressive [pre-indictment] delay." Id. at 789 (quoting Lovasco). The role is limited because

> the statutes of limitations provide the primary protection against undue pre-indictment delays. To rise to the level of a due process violation despite the applicable statute of limitations not having run, the delay (1) must have caused substantial prejudice to [defendant's] rights to a fair trial and (2) was an intentional device used by the prosecution to gain tactical advantage over the accused. "Substantial prejudice" means more than inconvenience; it requires a showing of actual prejudice, and even the unavailability of witnesses or evidence might not be sufficient to meet this burden.

Id. (citations omitted) (quotation marks omitted).

To succeed on a due process claim, a defendant must show "both that the delay caused substantial prejudice to his right to a fair trial and that the [g]overnment intentionally delayed indictment . . . to gain a tactical advantage." Id. (emphasis in original) (quotation marks omitted). As I describe above in ruling that the Speedy Trial Act violation results in a dismissal without prejudice, Kifwa has not met the first requirement of showing that the delay caused substantial prejudice to his right to a fair trial. I therefore do not need to address the second requirement, the reasons for the government's actions, the subject on which Kifwa wants an evidentiary hearing.

There was no Fifth Amendment violation.

*Fed. R. Crim. P. 48(b)*

Kifwa mentions Federal Criminal Rule 48(b) ("The court may dismiss an indictment . . . if unnecessary delay occurs in: (1) presenting a charge to a grand jury").[14]  Def.'s Mot. to Dismiss at 5-6 (ECF No. 92).  He does not explain how it grants him greater relief than the Speedy Trial Act and I do not pursue it further.

## CONCLUSION

The defendant's motion to dismiss is **GRANTED** under the Speedy Trial Act, but **DENIED** as to Kifwa's Constitutional and Rule 48 claims.  The dismissal is **WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 6TH DAY OF OCTOBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[14] The 2002 Advisory Committee Note says that the Rule "operates independently from the [Speedy Trial] Act."